## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Joy Group Oy,  Civil No. 15-3676 (DWF/FLN)

          Plaintiff,

v.  **MEMORANDUM OPINION AND ORDER**

Supreme Brands L.L.C.,

          Defendant.

_____

Keith A. Vogt, Esq., and Paul Allen Godfread, Esq., Godfread Law Firm, counsel for Plaintiff.

Joel D. Nesset, Esq., Nadia B. Hasan, Esq., Steven Paul Katkov, Esq., and Thomas P. Kane, Esq., Cozen O'Connor, counsel for Defendant.

_____

## INTRODUCTION

This case involves a dispute between Plaintiff Joy Group Oy ("Plaintiff") and Defendant Supreme Brands, L.L.C. ("Defendant") over who has the rights to various trademarks. The matter is before the Court on a Motion for Temporary Restraining Order brought by Plaintiff. (Doc. No. 5.) For the reasons set forth below, the Court denies Plaintiff's motion.

## BACKGROUND

Plaintiff alleges that it acquired the rights to the TORSPO trademark, U.S. Trademark Registration 3,022,926, for use in connection with hockey sticks and replacement blades for hockey sticks (the "TORSPO Trademark Registration") by

assignment from Torspo Hockey International, Inc. ("THI") in exchange for Plaintiff providing THI with over $800,000 in financing. (Doc. No. 1 ("Compl.") ¶¶ 6-7.) On May 15, 2014, THI filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. (*Id*. ¶ 8.) Plaintiff recorded the assignment with the United States Patent and Trademark Office on December 17, 2014. (*Id*. ¶ 9, Ex. 3.) On March 26, 2015, Plaintiff filed an intent to use ("ITU") trademark application for the designation TORSPO for use in connection with clothing (the "TORSPO Trademark Application"). (*Id*. ¶ 10.)

On July 7, 2015, Defendant recorded an assignment, described as a Security Interest, against the TORSPO Trademark Application and the TORSPO Trademark Registration. (*Id*. ¶ 11, Ex. 5.) The assignment is from Village Bank to Defendant and is based on a Uniform Commercial Code ("UCC") Financing Statement executed by THI around July 2007. (*Id*.) On July 10, 2015, Defendant recorded another assignment, described as a Security Interest, against the TORSPO Trademark Application and the TORSPO Trademark Registration. (*Id*. ¶ 12, Ex. 6.) This assignment is from Alliance Bank to Defendant and is based on a UCC Financing Statement executed by THI around July 2007.

On or around September 1, 2015, Plaintiff received a Notification of Disposition of Collateral issued by Defendant announcing the sale of the business assets of THI, including the trademarks of THI. (*Id*. ¶ 13.) Defendant confirmed that it intended to auction off the rights to the TORSPO Trademark Registration and the TORSPO

2

Trademark Application.  (*Id*. ¶ 14.)  The sale was originally scheduled for September 23, 2015 (*id*. ¶ 13), but was postponed in light of the present action.

In this action, Plaintiff seeks a declaration that Defendant has no interest in, and that Plaintiff is the owner of, the TORSPO Trademark Application and a declaration that assignments from Village Bank and Alliance Bank to Defendant are null and void.  (*See* Compl., Counts I and II.)  In addition, Plaintiff seeks an injunction barring Defendant from interfering with Plaintiff's rights in the TORSPO Trademark Application and TORSPO Trademark Registration.  (*Id*., Count III.)[1]

## DISCUSSION

A party seeking a temporary restraining order or preliminary injunction must demonstrate that:  (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20-21 (2008); *see also Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).  The party requesting the injunctive relief bears the "complete

---

[1]     After filing the Complaint and moving for a temporary restraining order, and after Defendant filed a motion to dismiss the Complaint, Plaintiff filed an Amended Complaint, in which Plaintiff asserts eleven causes of action for declaratory relief.  (Doc. No. 22.)  Plaintiff asserts that Defendant's response to the present motion significantly expanded the scope of the dispute and placed in issue various international trademark registrations and applications for TORSPO.  Plaintiff's motion for temporary restraining order, however, preceded the Amended Complaint and only addresses the relief sought in the original Complaint.

burden" of proving all of the factors listed above. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

The Court first addresses Plaintiff's likelihood of success on the merits, as it is the most significant factor. *See, e.g.*, *S & M Constructors, Inc. v. Foley Co.*, 959 F.2d 97, 98 (8th Cir. 1992). In its Complaint, Plaintiff essentially seeks a declaration that it purchased the TORSPO Trademark Registration free and clear of Defendant's security interest. However, attached to Plaintiff's Complaint are UCC Financing Statements by which Village Bank and Alliance Bank perfected security interests in various assets of THI. (Compl. ¶¶ 11, 12, Exs. 5, 6.) The Minnesota UCC provides, "[e]xcept as otherwise provided in the UCC, a security agreement is effective according to its terms between the parties, against purchasers of the collateral, and against creditors." Minn. Stat. § 336.9-201(a). In addition, the UCC Financing Statements demonstrate that in July 2007, Village Bank and Alliance Bank assigned their interests in THI's assets, including "all inventory, accounts, equipment and *general intangibles*" to Defendant. (Compl. ¶¶ 11, 12, Exs. 5, 6 (emphasis added).) Further, Minn. Stat. § 336.9-102(a)(42) defines "general intangible" as:

> [A]ny personal property, including things in action, other than accounts, chattel paper, commercial tort claims, deposit accounts, documents, goods, instruments, investment property, letter of credit rights, letters of credit, money, and oil, gas, or other minerals before extraction. The term includes payment intangibles and software.

Minn. Stat. § 336.9-102(a)(42). In the comments for that statutory provision, the definition of "general intangible" is further described as "the residual category of personal property, including things in action, that is not included in the other defined

4

types of collateral. Examples are various categories of intellectual property . . . ." (*Id.* cmt. 5(d).)

Based on Plaintiff's allegations and the attached exhibits, it appears that Defendant validly acquired a security interest in THI's "general intangibles," which also appears to include the TORSPO Trademark Registration. At the hearing on this matter, Defendant acknowledged that it is not claiming any interest in any trademark application or international applications. Because Plaintiff's Complaint contains no allegations that would undermine the enforceability of Defendant's security interest in the TORSPO Trademark Registration against Plaintiff as the alleged purchaser or that the assignments of Village Bank's and Alliance Bank's security interests are unenforceable, Plaintiff has not demonstrated that it is likely to succeed on the merits of its claims. In addition, Plaintiff has failed to meet its burden with respect to the remaining factors. In particular, Plaintiff has not shown that it will suffer irreparable harm absent an injunction because if Defendant proceeds with its proposed disposition, the parties will still have rights and obligations provided under Article 9 of the UCC. In addition, with no risk of harm, the balance of harms does not tip in favor of Plaintiff. Finally, the public interest is best served by following the filing system of the UCC. Accordingly, Plaintiff's Motion for Temporary Restraining Order is properly denied.

## CONCLUSION

The Court continues to believe that it is in the best interests of the parties to negotiate a resolution of this dispute either with or without the Court's assistance.

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order (Doc. No. [5]) is **DENIED**.

Dated:  December 10, 2015                    s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             United States District Judge