## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Joy Group Oy,  Civil No. 15-3676 (DWF/FLN)

          Plaintiff,

v.  **AMENDED MEMORANDUM OPINION AND ORDER**

Supreme Brands L.L.C.,

          Defendant.

___

Keith A. Vogt, Esq., and Paul Allen Godfread, Esq., Godfread Law Firm, counsel for Plaintiff.

Joel D. Nesset, Esq., Nadia B. Hasan, Esq., Steven Paul Katkov, Esq., and Thomas P. Kane, Esq., Cozen O'Connor, counsel for Defendant.

___

## INTRODUCTION

This case involves a dispute between Plaintiff Joy Group Oy ("Plaintiff") and Defendant Supreme Brands L.L.C. ("Defendant") over who has the rights to various trademarks. The matter is before the Court on a Motion for Temporary Restraining Order brought by Plaintiff. (Doc. No. 36.) For the reasons set forth below, the Court denies Plaintiff's motion.

## BACKGROUND

This is Plaintiff's second motion for a temporary restraining order. The first motion was denied on December 10, 2015. (Doc. No. 33.) The facts were set forth in the Court's prior order, and the Court incorporates those facts herein by reference.

In denying Plaintiff's first motion for a temporary restraining order, the Court explained:

> Based on Plaintiff's allegations and the attached exhibits, it appears that Defendant validly acquired a security interest in THI's "general intangibles," which also appears to include the TORSPO Trademark Registration. At the hearing on this matter, Defendant acknowledged that it is not claiming any interest in any trademark application or international applications. Because Plaintiff's Complaint contains no allegations that would undermine the enforceability of Defendant's security interest in the TORSPO Trademark Registration against Plaintiff as the alleged purchaser or that the assignments of Village Bank's and Alliance Bank's security interests are unenforceable, Plaintiff has not demonstrated that it is likely to succeed on the merits of its claims. In addition, Plaintiff has failed to meet its burden with respect to the remaining factors. In particular, Plaintiff has not shown that it will suffer irreparable harm absent an injunction because if Defendant proceeds with its proposed disposition, the parties will still have rights and obligations provided under Article 9 of the UCC. In addition, with no risk of harm, the balance of harms does not tip in favor of Plaintiff. Finally, the public interest is best served by following the filing system of the UCC. Accordingly, Plaintiff's Motion for Temporary Restraining Order is properly denied.

(Doc. No. 33 at 5.)

After the Court denied Plaintiff's first motion for a temporary restraining order, Defendant gave notice of its intent to sell the collateral by public auction on December 30, 2015. (Doc. No. 39, Ex. B.) In the notice, Defendant indicated that the sale would include, among other things, "General Intangibles," including trademarks. (*Id.*) Defendant also included the following: "**Please Take Further Notice** that Secured Party's rights in one or more items of the Collateral are the subject of pending litigation in the United States District Court for the District of Minnesota, in the matter of *Joy Group Oy v. Supreme Brands L.L.C.*, Civil File No. 15-3676 (DWF/FLN)." (*Id.*)

2

On December 24, 2015, Plaintiff filed the present motion, seeking an order enjoining Defendant from including International Trademarks in the sale and specifically, "directing [Defendant] to put all potential purchasers on notice that the International Trademarks are excluded from the sale." (Doc. No. 38 at 8.)

## DISCUSSION

A party seeking a temporary restraining order or preliminary injunction must demonstrate that:  (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20-21 (2008); *see also Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).  The party requesting the injunctive relief bears the "complete burden" of proving all of the factors listed above.  *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

Here, Plaintiff has failed to identify any facts that are materially different than the facts before the Court at the time of its first motion for a temporary restraining order. Indeed, Plaintiff already briefed its concerns related to international trademarks when arguing its first motion.  The Court already considered the propriety of preliminary injunctive relief in this action and denied Plaintiff's first motion.  The Court previously noted that the record appears to establish that Defendant validly acquired a security interest in THI's "general intangibles," which also appears to include the TORSPO Trademark Registration, and that Plaintiff has not alleged any facts that would undermine the enforceability of Defendant's security interest in the TORSPO Trademark

Registration.  In addition, the Court concluded that Plaintiff failed to meet its burden with respect to the remaining factors, and it specifically noted that if Defendant proceeds with its proposed disposition, the parties will still have rights and obligations provided under Article 9 of the UCC.  Finally, while Defendant has acknowledged that it is not claiming any interest in any trademark application or international applications, Plaintiff has failed to provide any legal basis on which the Court could determine that the sale of the TORSPO Trademark will not impair rights to or interests in any international trademarks.

Because Plaintiff has failed, in its present motion, to assert any new facts or legal grounds for injunctive relief, and has otherwise failed to provide any legal or factual basis for the injunctive relief it seeks, the Court denies the present motion.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order (Doc. No. 36]) is **DENIED**.

Dated:  January 14, 2016                s/Donovan W. Frank
                                                           DONOVAN W. FRANK
                                                           United States District Judge